*Persechino v. United Servs., Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-four.

PRESENT:

> DENNY CHIN,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

DAWN PERSECHINO,

     *Plaintiff-Appellant*,

     v.                                   No. 22-2762

UNITED SERVICES, INC.,

     *Defendant-Appellee*.

_____

**For Plaintiff-Appellant:**          James V. Sabatini, Sabatini & Associates, LLC, Newington, CT.

**For Defendant-Appellee:**          Gabriel J. Jiran, Sarah A. Westby, Shipman & Goodwin LLP, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Robert A. Richardson, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 30, 2022 judgment of the district court is **AFFIRMED**.

Dawn Persechino appeals from the district court's grant of summary judgment to the defendant, United Services, Inc. ("USI"), on her claims that USI discriminated against her and failed to accommodate her disability, in violation of the Americans with Disabilities Act ("ADA"). Persechino worked for USI as a per diem Adjunct Counselor, providing counseling services at USI's domestic violence shelters as needed when USI had insufficient full-time employees available to staff its 24-hour shelters.[1] USI divided its workday into three shifts – 7:00 a.m. to 3:30 p.m. ("first shift"), 12:30 p.m. to 9:00 p.m. ("second shift"), and

---

[1] Persechino's brief suggests that she still works for USI. We use the past tense because her claim is based on past events.

8:45 p.m. to 7:15 a.m. ("third shift") – and per diem workers were offered available shifts via a call rotation list. In July 2017, Persechino submitted a note from her doctor stating that she could no longer work third shifts due to a medical condition. In response, USI stopped scheduling Persechino for third shifts, and, because of its strict "freeze in" policy – which required workers to stay at their posts if their replacements failed to show up – it also stopped scheduling her for second shifts.[2] On appeal, Persechino argues that the district court erred in concluding that USI (1) did not discriminate against her by excluding her from second shifts and (2) did not violate the ADA's reasonable accommodation requirement. We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We review the district court's grant of summary judgment *de novo*, "resolving all ambiguities and drawing all reasonable inferences in [Persechino's] favor." *Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020) (internal quotation marks omitted). We will affirm a district court's grant of summary judgment "only if there is no genuine dispute as to any material fact[,] and the movant is entitled to

---

[2] USI continued to offer Persechino first shifts, some of which Persechino turned down or canceled after accepting. *See* Sp. App'x at 35.

judgment as a matter of law." *Id.* (alterations and internal quotation marks omitted).

## A. Persechino's Discrimination Claim

ADA discrimination claims are subject to the familiar *McDonnell Douglas* burden-shifting analysis, the first step of which is to determine whether the plaintiff has stated a prima facie case of discrimination. *See McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 96 (2d Cir. 2009); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "[T]o establish a prima facie case under the ADA, a plaintiff must show by a preponderance of the evidence that: (1) h[er] employer is subject to the ADA; (2) [s]he was disabled within the meaning of the ADA; (3) [s]he was otherwise qualified to perform the essential functions of h[er] job, with or without reasonable accommodation; and (4) [s]he suffered adverse employment action because of h[er] disability." *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013) (internal quotation marks omitted).

The district court concluded that Persechino failed to state a prima facie case of discrimination against USI because, after she submitted her doctor's note, she was not otherwise qualified to perform the essential functions of her job, with or without a reasonable accommodation. We agree. There is no "genuine factual

4

dispute" that an essential function of Persechino's job at a round-the-clock domestic violence shelter was staying at her post if her replacement failed to arrive for the next shift, in order to ensure continuous coverage for the shelter. Sp. App'x at 20–21. After Persechino submitted her doctor's note making clear that she could not work third shifts under any circumstances, USI had to stop scheduling her both for third shifts and for second shifts, as it could not count on her to stay for the third shift if her replacement failed to arrive – something that occasionally happened and that Persechino herself had experienced in the past. While Persechino proposed ways that USI could deviate from its "freeze in" policy – such as by always scheduling her to work second shifts with other staff members who could then be "frozen" in her stead, or by having another staff member placed on-call whenever she was working a second shift – those changes would have resulted in USI outsourcing the essential function to someone else rather than enabling Persechino to perform it herself. *See McMillan*, 711 F.3d at 126 ("In discrimination claims based both on adverse employment actions and on failures to accommodate, the *plaintiff* bears the burdens of both production and persuasion as to the existence of some accommodation that would allow [*her*] to perform the essential functions of [her] employment." (internal quotation marks omitted and

5

emphasis added)); *Borkowski v. Valley Cent. Sch. Dist.*, 63 F.3d 131, 140 (2d Cir. 1995) ("[A]n employer is not required to accommodate an individual with a disability by eliminating essential functions from the job."). We therefore conclude that the district court did not err in finding that Persechino failed to state a prima facie case of discrimination.[3]

### B. Persechino's Failure to Accommodate Claim

Persechino's reasonable accommodation claim fails for the same reason that her discrimination claim failed. The ADA defines disability discrimination to include an employer's failure to make reasonable accommodations under certain circumstances. *See* 42 U.S.C. § 12112(b)(5)(A). We have held that an employee bringing a reasonable accommodation claim "must show that: (1) [she] is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of [her] disability; (3) with reasonable accommodation, the employee could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Noll v. Int'l Bus. Machs.*

---

[3] The district court also found that Persechino failed to state a prima facie claim of discrimination because she did not suffer an adverse employment action. We need not address that alternative basis for the district court's decision.

*Corp.*, 787 F.3d 89, 94 (2d Cir. 2015) (alterations and internal quotation marks omitted).

As already discussed, the ability to serve on a subsequent shift in the event that one's replacement failed to show up was an essential function of Persechino's job at a round-the-clock domestic violence shelter. Persechino argues, in essence, that USI should have changed the essential functions of her job in order to accommodate her disability. But that is not what the law requires.[4] *See Stevens v. Rite Aid Corp.*, 851 F.3d 224, 230 (2d Cir. 2017) ("A reasonable accommodation can never involve the elimination of an essential function of a job." (internal quotation marks omitted)); *McMillan*, 711 F.3d at 126. Because Persechino did not meet her burden of presenting evidence from which a reasonable juror could find the existence of an accommodation that would have allowed her to continue serving on second shifts with the ability to be "frozen" into third shifts, the district court did not err in granting summary judgment to USI on her reasonable accommodation claim.

---

[4] Of course, USI was free to change the essential functions of Persechino's job, and indeed it arguably did change one for her: the requirement that Adjunct Counselors have the ability to serve on all three shifts. We need not decide whether that requirement was an essential function distinct from the ability to be frozen onto the next shift. If it was, Persechino is effectively arguing that USI was required to change two essential functions of her job.

We have considered Persechino's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court